IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVE PODKULSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−1284−NJR |
| | ) | |
| TROST, | ) | |
| BUTLER, | ) | |
| WILLIAMS, | ) | |
| LYRCIA, | ) | |
| JOHN DOE #1, | ) | |
| NIEPERT, | ) | |
| JOHN DOE #2, and | ) | |
| JANE DOE | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Steven Podkulski, a former inmate of Menard Correctional Center, brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Because Plaintiff has been released from custody, the Court will conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal --
>    i. is frivolous or malicious;
>   ii. fails to state a claim on which relief may be granted; or
>  iii. seeks monetary relief from a defendant who is immune from such relief.

1

The Court's initial review of the Complaint suggests that there are parties and claims that are improperly joined in this action pursuant to Federal Rule of Civil Procedure 20. Thus, before screening the case on the merits, the Court must sever this action into separate cases.

## **The Complaint**

Plaintiff alleges that he arrived at Menard on May 6, 2017. (Doc. 1, p. 3). He experiences difficulty walking due to a neurological issue and uses a wheelchair. *Id.* Despite this, Trost, Butler, Williams, and Lyrcia allowed his wheelchair to be taken away from him. *Id.*

Prior to his time at Menard, Plaintiff had been prescribed the seizure medication "Onfi," but Trost would not approve the medication because he was allegedly deliberately indifferent to Plaintiff's seizures. *Id.* Plaintiff alleges that as a result of his condition, he suffers from both urinary and fecal incontinence, yet Trost, Butler, Williams, and Lyrcia made no provision for him to have hygiene supplies or use anything but his personal sink for cleaning purposes. *Id.* Plaintiff alleges that for at least a one week period, he had nothing to clean himself with but water and his hands, and that during the same time period, he had to use his hands to eat his meals. *Id.* Plaintiff alleges that he was denied medical treatment because Menard has a policy of cutting medical care to save on costs. (Doc. 1, p. 5).

Plaintiff asked to be single-celled as a result of his post-traumatic stress disorder ("PTSD") and panic attacks, but John Doe #1, the psychiatrist, told him that he didn't care. (Doc. 1, pp. 3-4). Plaintiff was double-celled and, as a result, attempted suicide. (Doc. 1, p. 4).

Plaintiff alleges that Niepert never responded to his grievances. *Id.* He sent copies to Butler, Williams, and Lyrcia. *Id.* Plaintiff alleges that Menard has a policy and practice of refusing to respond to grievances. (Doc. 1, pp. 4-5).

On May 26, 2016, Plaintiff was in the receiving area when he had a seizure, which left him covered in feces and urine. (Doc. 1, p. 4) Jane Doe Nurse and John Doe #2 left him lying in his waste for a few days, despite the fact that Plaintiff told them he couldn't move. *Id.* Plaintiff's food was thrown into the cell through the chuck hole, and because he could not reach it, he was unable to eat. *Id*.

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims shall proceed together in this action:

**Count 1** – Trost, Butler, Williams, and Lyrcia were deliberately indifferent to Plaintiff's neurological issues when they denied him his wheelchair, seizure medication, and adequate hygiene supplies to address his related incontinence in violation of the Eighth Amendment;

**Count 2** – Jane Doe and John Doe #2 subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment when they left him in his own waste for a few days and refused to assist him in eating; and

**Count 3** – Butler, Williams, and Lyrcia violated Plaintiff's Constitutional rights when they refused to respond to his grievances.

Plaintiff also has attempted to bring other Counts, but for the reasons set forth below, these claims belong in a two separate and individual suits:

**Count 4** – John Doe #1 was deliberately indifferent to Plaintiff's PTSD when he denied Plaintiff's request for single celling, causing Plaintiff to attempt suicide, in violation of the Eighth Amendment; and

**Count 5** – Niepert violated Plaintiff's rights when she refused to respond to Plaintiff's grievances.

In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). A prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined Defendants. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Federal Rule of Civil Procedure 20 permits joinder of all claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; [when] any question of law of fact common to all plaintiffs will arise in the action." That means that a plaintiff cannot join separate claims against different defendants or sets of defendants in the same lawsuit, unless the plaintiff asserts a claim for relief against each defendant that arises out of the same transaction or occurrence or series thereof, and presents common questions of law or fact. *Owens*, 860 F.3d at 436; *George*, 507 F.3d at 607.

Unrelated claims may be joined pursuant to Federal Rule of Civil Procedure 18 where Rule 20 has already been satisfied. *Intercon Research Ass'n, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Therefore, the analysis the Court must perform in determining whether

claims are properly joined is twofold: (1) first, a court must determine whether defendants are properly joined pursuant to Rule 20, (2) second, a court may then consider any unrelated claims against one or more of the group of defendants properly joined in the first step.

After applying the Federal Rules of Civil Procedure, it is clear that Plaintiff's claims belong in separate lawsuits. Plaintiff has brought three groups of claims that do not appear to be related or rely on common questions of law and fact. First, he has brought three claims that address treatment of his neurological issues. Although Plaintiff does not specify what specific condition he suffers from, the Court will presume at this stage that the underlying issues that cause his paralysis, incontinence, and epilepsy are related. Therefore, all claims that address the prison staff's response to that condition are related because they address treatment decisions made in response to a consistent set of symptoms at the same prison.

In contrast, Plaintiff's claim regarding his PTSD does not appear to be related to the neurological issues discussed in the first group of claims. The underlying factual issues surrounding Plaintiff's PTSD versus his physical symptoms are distinct. Plaintiff has alleged that he had different care providers as to each condition. The failure of the staff in each instance is also distinct. As to his neurological issues, Plaintiff has alleged that he was deprived of medical devices, medication, and appropriate nursing care. As to his PTSD, he has alleged that his psychologists did not take his statement about being single celled seriously. There are no overlapping factual issues as to these claims, and they involve different transactions.

The Court also finds that Plaintiff's allegations about his claims regarding grievances are different. Plaintiff has alleged that several defendants failed to respond to grievances, but he has not specified the subject of the grievances at issue or the dates on which he filed them. It is thus

5

impossible to conclude that the grievances are relevant or otherwise related to Plaintiff's other claims in the Complaint.

Rule 20 specifies that the Court must divide the Complaint into three groups of claims. Next, the Court must consider whether Rule 18 permits joinder of any claims against common parties. The Court concludes that Plaintiff's claim for failure to respond to grievances against Butler, Williams, and Lyrcia can be joined in the same lawsuit as Plaintiff's claims for deliberate indifference against those individuals. But Plaintiff's claim against Niepert for the same conduct cannot be joined because the claims regarding medical treatment are transactionally and factually distinct from the claims regarding the failure to respond to grievances, and because Niepert is not named in connection with Counts 1-3. There is therefore no ground to join claims against Niepert to Plaintiff's claims against other defendants for deliberate indifference.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever the claims in Count 4 into a separate action against John Doe #1. The Court also shall sever the claim in Count 5 against Niepert into a separate action. Claims against Butler, Williams, and Lyrcia for failure to respond to grievances shall proceed in this action. The two severed cases shall have newly assigned case numbers, and Plaintiff shall be liable for a new filing fee in each of the severed actions.

Counts 1-3 shall remain in this action. A separate order will be issued in this case to review the merits of those claims. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered. No service shall be ordered on any defendant at this time, pending the § 1915A review.

**Disposition**

**IT IS HEREBY ORDERED** that Counts 4-5, which are unrelated to Counts 1-3, are severed into two separate cases. Counts 1-3 against Trost, Williams, Butler, Lyrcia, John Doe #2, and Jane Doe shall stay in this case. The first severed case shall contain Count 4 against John Doe #1. The second severed case shall contain Count 5 against Niepert.

The claims in the severed cases shall be subject to merits review pursuant to 28 U.S.C. §1915A after the new case numbers and judge assignments are made. In each new case in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order;
2) The Complaint (Doc. 1); and
3) The Motion for Leave to Proceed *in forma pauperis* (Doc. 3)

Plaintiff **will be responsible for an additional $350.00 filing fee** in the newly severed cases. No service shall be ordered on the defendant in the severed case until the § 1915A review is completed.

**DATED: February 7, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**