# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE PODKULSKI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-246-MJR |
| COUNSELOR NIEPERT, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for a preliminary review of the Complaint (Doc. 2) and Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is a former inmate of Menard Correctional Center. He filed this action after his release from incarceration, and seeks damages pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his constitutional rights. (Doc. 2, pp. 5, 12).

This case was originally filed under *Podkulski v. Trost, et al.*, Case No. 17-cv-1284-NJR-DGW. Upon initial review of the Complaint, the Court determined that certain parties and claims were improperly joined. Therefore, the Court severed the claim against Niepert into this separate action. This claim was described as follows:

> **Count 5** – Niepert violated Plaintiff's rights when she refused to respond to Plaintiff's grievances.

## Factual Allegations and Severance

According to Plaintiff's Complaint, he uses a wheelchair for mobility because he has a neurological condition that makes it difficult for him to walk. (Doc. 2, p. 3). When he arrived at Menard on May 6, 2017, Menard officials took the wheelchair away. Plaintiff was not given his

1

prescribed seizure medication. He was not given necessary hygiene supplies to deal with his bladder and bowel incontinence, and he had nowhere other than the sink in his cell to clean himself.[1] (Doc. 2, p. 3). He requested to be placed in a single cell because he suffered from post-traumatic stress disorder and panic attacks, but this request was denied. Plaintiff attempted suicide after being placed in a double cell.[2] (Doc. 2, pp. 3-4).

Plaintiff filed grievances "on various occasions" with Niepert. (Doc. 2, p. 4). However, Niepert "deliberately did not file one single grievance that [Plaintiff] filed." *Id.* Plaintiff kept a log of 14 grievances and mailed copies to other prison officials and to his lawyer so that he would have evidence of his attempts to exhaust his remedies. *Id.* He claims that Menard has a pattern, practice, and unwritten policy of "making grievances disappear," to ensure that inmates cannot complete the grievance process. (Doc. 2, pp. 4-5).

The Court severed the claim against Niepert pursuant to Federal Rule of Civil Procedure 20, because Plaintiff did not specify the subjects of the grievances he filed or the dates when he filed them, and because he did not name Niepert in connection with any of his other claims. As a result, the Complaint does not provide grounds to join the claim against Niepert for failure to answer grievances with the claims against other defendants for deliberate indifference. (Doc. 1, pp. 4-6).

## Review Under 28 U.S.C. § 1915(e)(2)(B)

Under 28 U.S.C. § 1915(a)(1), an indigent party may file and proceed with a lawsuit without pre-payment of the filing fee. However, a court can deny an indigent plaintiff leave to proceed *in forma pauperis* ("IFP") or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant. 28 U.S.C.

---

[1] These claims are proceeding in the original case, No. 17-cv-1284-NJR-DGW.
[2] This claim was severed from the original action and is pending in Case No. 18-cv-214-MJR-SCW.

§ 1915(e)(2)(B). This section in fact compels dismissal of the action if the Court finds that one of the listed criteria applies:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (emphasis added).

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *See Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit (Doc. 3) that he is indigent. However, after carefully reviewing the claim against Niepert, the Court concludes that the claim in Count 5 is legally frivolous.

Plaintiff does not claim that Niepert (a prison counselor) took away his wheelchair, deprived him of hygiene supplies or medication, or was otherwise personally involved in any of the alleged constitutional violations. (Doc. 2, pp. 1, 3-4). His only claim against Niepert is that Niepert failed to respond to Plaintiff's grievances which were filed to complain about the conduct of other officials, and that Niepert's failure to process his grievances prevented him

3

from exhausting his administrative remedies through the prison grievance procedure. This, however, does not amount to a constitutional violation.

Seventh Circuit precedent is clear that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff is correct that his efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to his ability to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). If the prison grievance procedure was unavailable, however, an inmate's lawsuit may be allowed to proceed. Administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). This issue would be addressed in due course in the cases where Plaintiff's other claims are proceeding, if raised therein as a defense. The law is clear, however, that a Defendant's mishandling of, or failure to address inmate grievances does not support an independent constitutional claim.

The Complaint does not include any other claims or allegations of misconduct against

Niepert, aside from the failure to respond to Plaintiff's grievances. Therefore, the claim against Niepert is legally frivolous. A claim is legally frivolous if it is based on an "indisputably meritless legal theory." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). Legally frivolous claims include claims that a non-existent legal interest has been infringed. *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994). This action is therefore subject to dismissal under § 1915(e)(2)(B)(i).

## Disposition

For the above reasons, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) **with prejudice** because it is legally frivolous, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time he filed the original action, which included this improperly joined claim. The filing fee of $400.00 therefore remains due and payable. *See* 28 U.S.C. §§ 1915(a)(1); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v.*

*Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: March 21, 2018**

s/ MICHAEL J. REAGAN  
Chief Judge  
United States District Court